UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | 1:20-cv-3036-NLH-SAK |
| Plaintiff, | OPINION |
| v. | |
| ERIC SEBEASTIAN EVANS, in his capacity as Administrator of the Estate of Malvina Slater, ANGELA D. WILLIAMS-TARPLAY, and MAY FUNERAL HOME INC., | |
| Defendants. | |

**APPEARANCES:**

CHRISTY ANN RAMUNNO
D'ARCAMBAL OUSLEY & CUYLER BURK LLP
FOUR CENTURY DRIVE
SUITE 350
PARSIPPANY, NJ 07054

　*Attorneys for Plaintiff.*

ANGELA D. WILLIAMS-TARPLAY
410 N.W. 40th Terrace
Deerfield Beach, FL 33442

　*Defendant, Pro se*

**HILLMAN, District Judge**

　　This action is one for interpleader relief and comes before the Court on Plaintiff The Prudential Insurance Company of America's ("Prudential") motion for leave to deposit funds into the Registry of the Court pursuant to 28 U.S.C. § 1335 and

Federal Rule of Civil Procedure 67 [Docket Number 26].  For the reasons discussed below, Plaintiff's motion shall be administratively terminated with instructions to the Plaintiff with regard to establishing the Court's subject matter jurisdiction.

## BACKGROUND

Malvina Slater ("Insured") purchased an individual life insurance policy ("Policy") from Prudential for a face amount of $4,000.00, which Prudential issued on July 10, 1964. (Complaint, Dkt. No. 1, at ¶ 7).  The Insured designated Richard Slater, her husband, as the sole beneficiary of the Policy. (*Id.*).  On September 16, 2019, the Insured purportedly executed a change to the Policy, naming Defendant Angela D. Williams-Tarplay as the primary beneficiary.  (*Id.* at ¶ 8).

The Insured passed away on September 24, 2019.  (*Id.* at ¶ 9).  As a result of her death, a Death Benefit in the amount of $6,443.99 became due under the policy.  (*Id.* at ¶ 10).

On September 27, 2019, Prudential received a Funeral Home Irrevocable Assignment Form executed by Defendant Eric Sebeastian Evans, the Insured's grandson and the administrator of her estate, and issued by Defendant May Funeral Home Inc. ("May").  (*Id.* at ¶ 11).  On October 7, 2019, Prudential advised Williams-Tarplay that the Insured's signature on the change of

beneficiary form was inconsistent with the Insured's signature on file. (Complaint, Dkt. No. 1, at ¶ 12). Counsel for Williams-Tarplay responded in a letter, which included the affidavit of Pauline Stoves, noting that Stoves witnessed the Insured sign the change of beneficiary form. (*Id.* at ¶ 13).

On October 29, 2019, Evans filed a claim to the Death Benefit. (*Id.* at ¶ 14). On November 29, 2019, Prudential received a letter from Evans and Osha Beicher, another grandson of the Insured, claiming Stoves took advantage of the Insured. (*Id.* at ¶ 15).

Prudential notes that if the change in beneficiary designation to Williams-Tarplay was the result of undue influence, then the Death Benefit may be instead payable to the original designation of her husband Richard Slater. (*Id.* at ¶ 16). However, as Slater predeceased the Insured, the benefit would then be paid out to the Insured's estate, as is expressly directed by the terms of the Policy. (*Id.* at ¶¶ 17-18). Prudential, therefore, recognizes there are competing claims to the Death Benefit made by Defendants Evans, in his capacity as administrator of the estate, Williams-Tarplay, and May.

Prudential has yet to issue the Death Benefit but is ready to pay it to the person or persons entitled to it as Prudential claims no title or interest to the benefit. (Brief in support

of Motion to Deposit ("Deposit Br."), Dkt. No. 26-1, at 3). However, Prudential is unable to determine factually or legally who is entitled to the Death Benefit without risking exposure "to double or multiple liability on account of the potential competing claims of the parties." (Deposit Br. at 3).

Accordingly, Prudential filed the Complaint on March 19, 2020, requesting that the Court: (1) direct that the Death Benefit be paid into Court; (2) direct defendants to interplead their rights to the benefit; (3) restrain defendants from initiating claims against Prudential for the benefit; and (4) award Prudential payment of reasonable attorneys fees arising out of this matter and all other relief that is deemed just and proper. (Complaint, Dkt. No. 1, at ¶ 23).

Williams-Tarplay answered the Complaint on April 22, 2020. (Answer, Dkt. No. 7). No other Defendants have answered or appeared in this action. On February 12, 2021, Prudential requested that the Clerk of the Court enter default against Defendants Evans and May, which the Clerk entered on February 17, 2021. (Requests for Default, Dkt. Nos. 24 and 25).

On May 24, 2021, Plaintiff filed the present motion for leave to deposit the Death Benefit funds. (Motion, Dkt. No. 26). Prudential's motion seeks an order permitting it to deposit the Death Benefit, plus applicable interest, if any,

4

into the Registry of this Court.  (*Id.*).  No Defendant has opposed the motion.

## DISCUSSION

As an initial matter, the Court must first consider whether the record presents subject matter jurisdiction for the Court to order Prudential to deposit the Death Benefit.  This is an action for interpleader, which courts recognize under two methods: statutory interpleader under 28 U.S.C. § 1335 and rule interpleader under Federal Rule of Civil Procedure 22.  <u>Metro. Life Ins. Co. v. Price</u>, 501 F.3d 271, 275 (3d Cir. 2007) (describing both methods).  Each method has different jurisdictional requirements, for example Section 1335 confers subject matter jurisdiction when (a) two or more claimants are diverse from each other and (b) at least $500 is in controversy and has been deposited with the registry or clerk of the court. 28 U.S.C. § 1335.  So long as two claimants are diverse from each other, the citizenship of the stakeholder or of other rival claimants are irrelevant. <u>State Farm Fire & Cas. Co. v. Tashire</u>, 386 U.S. 523, 530-31 (1967).  Whereas interpleader under Rule 22 requires "an independent basis for subject matter jurisdiction." <u>Metro. Life Ins. Co.</u>, 501 F.3d at 275.

Plaintiff asserts this Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1335.

5

28 U.S.C. § 1335(a) provides that district courts shall have "original jurisdiction of any civil action of interpleader" filed by any person, firm, corporation, association, or society "having in his or its custody or possession money or property of the value of $500 or more" if

> (1) [t]wo or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property . . . .; and if
>
> (2) the plaintiff has deposited such money or property or has paid the amount . . . into the registry of the court, . . . or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper[.]

28 U.S.C. § 1335(a).

Here, Plaintiff possesses $6,443.99, all of which is at issue in this action, thereby satisfying the amount in controversy requirement of § 1335(a). Likewise, Plaintiff satisfies § 1335(a)(1). Evans is an individual who is a citizen of New Jersey, Williams-Tarplay is an individual who is a citizen of Florida, and May is a New Jersey corporation.[1]

---

[1] A business organized as a corporation, for diversity jurisdiction purposes, is deemed to be a citizen of any state by which it has been incorporated as well as the state where it has its principle place of business. See 28 U.S.C. § 1332(c)(1); see also S. Freedman & Co., Inc. v. Raab, 180 F. App'x 316, 320 (3d Cir. 2006). The Court relies upon the undisputed representations made about the Defendant claimants' citizenship in deciding the present motion.

(Complaint, Dkt. No. 1, at ¶¶ 2-4). As there exists a New Jersey citizen and a Florida citizen, diversity of citizenship exists amongst the claimants to the proffered funds and § 1335(a)(1) is therefore satisfied. See State Farm Fire & Cas. Co., 386 U.S. at 530-31.

However, the final prerequisite to establishing this Court's subject matter jurisdiction presents an obstacle. Prudential has not yet satisfied § 1335(a)(2), which requires it to deposit such money or property into the Registry of the Court or otherwise deposit a bond payable to the Clerk of the Court in the full amount at issue into the Court's Registry prior to brining an interpleader action. As the Third Circuit has noted, "[a] proper deposit or bond is a jurisdictional prerequisite to bringing an [action in] interpleader." U.S. Fire Ins. Co. v. Asbestospray, Inc., 182 F.3d 201, 210 (3d Cir. 1999) (citing 28 U.S.C. § 1335(a)(2) (1994); In re Sinking of M/V Ukola, 806 F.2d 1, 5 (1st Cir. 1986). Moreover, as explained by Wright & Miller, the

> language of the interpleader act indicates that it is a condition on jurisdiction under the statute that the stakeholder deposit with the Registry of the court the money or property that is the subject of the multiple claims, or that the stakeholder give a bond in a sufficient amount to insure compliance with any future order or judgment of the court in the action. The case will not proceed unless this jurisdictional requirement is satisfied[.]

7

Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1716 (3d ed. 2001) (internal footnotes omitted). Thus, Prudential was required to first deposit the Death Benefit, plus applicable interest, if any, prior to seeking interpleader relief. Without said deposit, the Court lacks subject matter jurisdiction over this matter, including Prudential's motion for an order granting leave to deposit the Death Benefit funds.

Faced with a similar situation, another Court within this District decided not to dismiss an action for lack of subject matter jurisdiction but instead decided to permit the Plaintiff an opportunity to perfect jurisdiction by depositing the funds at issue with the Court's Registry. U.S. Life Ins. Co. in the City of New York v. Holtzman, No. 14-cv-00113, 2014 WL 5149707, at *4 (D.N.J. Oct. 14, 2014) (Wolfson, C.J.) ("I do not find that this case should be dismissed for U.S. Life's failure to deposit the disputed funds; rather, the Court is directing U.S. Life to deposit $109,430.76 into the Registry of the Court."). The Defendant appealed, arguing that "jurisdiction was lacking because U.S. Life failed to deposit the funds at issue into the Registry at the time the complaint was filed" and that the district court erred by permitting the Plaintiff to cure its deficiency instead of dismissing the action. Holtzman, 723 F.

8

App'x at 145.  The Third Circuit, in affirming the district court, found that

> under the circumstances of this case, the District Court properly allowed U.S. Life to perfect jurisdiction.
>
> Under the local rules, U.S. Life could not have deposited the funds absent a court order to do so.  See N.J. Local Civ. R. 67.1(a)(1)(A).  Having determined that interpleader was proper, the District Court *conditioned* its October 14, 2014 order denying the motion to dismiss, and granting the cross-motion for interpleader relief, upon U.S. Life depositing the $109,430.76 into the Court's Registry.  See Auto Parts Mfg. Miss., Inc. v. King Const. of Houston, LLC, 782 F.3d 186, 194 (5th Cir. 2015) (noting that, in "the first stage of interpleader," the court only is concerned with whether the jurisdictional requirements have been met – "whether multiple claims have been asserted, or may be asserted, against a disinterested stakeholder, not whether those claims have merit.").  Once U.S. Life responded to the Court's directive to deposit, the District Court had subject matter jurisdiction: its order discharging U.S. Life took effect, and it properly considered the merits of the adverse claims to the funds.

Id.

In line with Holtzman, Prudential appears to argue that it cannot deposit the Death Benefit funds with the Court without "notice to every other party" and, more importantly, "leave by the court," pursuant to Rule 67.  Previously, our Local Civil Rules, which follow the Federal Rules of Civil Procedure and adapt them to our local practice, explicitly prevented such deposits without a court order: "No money shall be sent to the Court or its officers for deposit into the Court's Registry

9

without a court order by the Judge assigned to the case." L. Civ. R. 67.1(a)(1)(A); see also U.S. Life Ins. Co. in the City of New York v. Holtzman, 723 F. App'x 141, 145 (3d Cir. 2018) ("Under the local rules, [interpleading plaintiff] could not have deposited funds absent a court order to do so").  However, the Court recognized this created a direct conflict between the interpleader statute's jurisdictional prerequisites and our Local Civil Rules; thus, as of March 24, 2021, Local Civil Rule 67.1(a)(1)(A) was specifically amended to allow plaintiffs to deposit funds without leave of Court or a formal Court Order. See L. Civ. R. 67.1(a)(1)(A) ("Unless an applicable statute requires the deposit of funds without leave of court, no money shall be sent to the Court or its officers for deposit into the Court's Registry without a court order by the Judge assigned to the case" (emphasis added)).  This is not to say that Prudential was necessarily wrong at the time it filed the Complaint, as Local Civil Rule 67.1(a)(1)(A) had yet to be amended.  But, as a matter of procedure, Prudential is free to and should have deposited the funds with the Registry of the Court prior to filing the instant motion.  Such a procedure, available now by the Court's local rule, albeit not at the time of the filing of the Complaint, obviates the need for the Texas Two-Step approved in Holtzman.

10

Accordingly, Guided by Holtzman and the recent amendments to our Local Civil Rules, the Court shall administratively terminate the instant motion.  Prudential may, without the need for Court intervention, invoke Local Civil Rule 67.1(a)(1)(A) and proffer the disputed the funds to the Clerk of the Court for deposit into the Court's Registry.  Once that condition-precedent is satisfied, Prudential shall file a letter with the Court notifying that the funds have been accepted by the Clerk.  The Court will then exercise subject matter jurisdiction over Prudential's action pursuant to 28 U.S.C. § 1335, as this matter involves money or property valued above $500 and diversity of citizenship exists amongst the claimants.  In doing so, Plaintiff may then withdraw the motion, or the Court will reinstate the motion and deny it as moot.

Finally, because the Court lacks subject matter jurisdiction over this action, the Clerk was without jurisdiction to enter default on February 17, 2021.  Thus, the Court will vacate that docket entry without prejudice to Plaintiff, who will be afforded the opportunity to renew its request to the Clerk for default once subject matter jurisdiction is established.

## CONCLUSION

For the reasons expressed above, the Court will

administratively terminate Prudential's motion for leave to deposit funds [Dkt. No. 26].  Plaintiff should petition the Clerk to deposit $6,443.99, plus applicable interest, if any, into the Registry of the Court.  Plaintiff may then withdraw the motion or the Court will deny it as moot.

An appropriate Order will follow.


Date: <u>March 1, 2022</u>            s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.