**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC SEBEASTIAN EVANS, in his capacity as Administrator of the Estate of Malvina Slater, ANGELA D. WILLIAMS-TARPLAY and MAY FUNERAL HOME INC.<br><br>Defendants. | Civ. No. 20-cv-03036-NLH-SAK<br><br>**ORDER** |

This matter having been brought to the Court upon a Motion filed by Plaintiff, The Prudential Insurance Company of America ("Prudential" or "Plaintiff") (ECF No. 47) for the entry of an order: (1) granting default judgment against Defendants Eric Sebeastian Evans, in his capacity as administrator of the Estate of Malvina Slater ("Evans") and May Funeral Home Inc.("Funeral Home") pursuant to Federal Rule of Civil Procedure 55; (2) granting interpleader relief to Prudential with regard to a $6,443.99 death benefit (the "Death Benefit") due as consequence of the death of Malvina Slater (the "Insured") in connection with an individual life insurance policy bearing policy number 40505341 ("Policy") issued by Prudential; (3) discharging

Prudential from liability with regard to the Policy and Death Benefit; and (4) dismissing Prudential from this action with prejudice; and

WHEREAS, having deposited the Death Benefit into the Court's Registry (ECF No. 37) establishing this Court's jurisdiction; and

WHEREAS, the Clerk having entered Default on May 10, 2022 against Defendants Evans and Funeral Home for failure to plead or otherwise defend after service and motion pursuant to Federal Rule of Procedure 55(a) (ECF Nos. 33 and 34); and

WHEREAS neither Evans, Funeral Home, or answering Defendant Angela D. Williams-Tarplay ("Williams-Tarplay") having filed opposition to Plaintiff's motion; and

WHEREAS the Court having considered the application, and for good cause having been shown,

**IT IS** on this __2nd__ day of __March__, 2023,

**ORDERED** that:

1. Prudential's Motion for Default Judgment against Defendants Evans and Funeral Home pursuant to Federal Rule of Procedure 55(b)(2) be, and the same hereby is, **GRANTED.**

2. Prudential's Motion for Interpleader Relief (ECF No. 47) be, and the same hereby is, **GRANTED.**

3. Prudential is hereby discharged from any and all liability to Defendants Williams-Tarplay, Evans, Funeral Home

and any heirs, representatives, agents, beneficiaries, attorneys, successors, assigns or future representatives, executors or administrators of the Estate Malvina Slater, relating to the Policy and/or Death Benefit, and Willaims-Tarplay, Evans, Funeral Home and any heirs, representatives, agents, beneficiaries, attorneys, successors, assigns or future representatives, executors or administrators of the Estate of Malvian Slater are permanently enjoined from bringing any action or proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum against Prudential, arising out of or in connection with the Policy and/or the Death Benefit.

    4.    All claims, rights, interests and actions that Willaims-Tarplay, Evans, Funeral Home and any heirs, representatives, agents, beneficiaries, attorneys, successors, assigns or future representatives, executors or administrators of the Estate of Malvian Slater might otherwise have held against Prudential and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, with respect to the Policy and/or the Death Benefit are hereby released.

     5.    All claims against Prudential be, and the same hereby are, dismissed with prejudice, and Prudential is hereby dismissed with prejudice from this litigation.

     6.    Nothing in this Order shall be construed as adjudicating any claim to the Death Benefit by Defendant Williams-Tarplay or any other potential claimant to such funds which shall remain in the Registry of the Court and the possession of the Clerk until further Order of the Court.

At Camden, New Jersey                  s/ Noel L. Hillman
                                          Noel L. Hillman, U.S.D.J.