UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>                Plaintiff,<br><br>       v.<br><br>ERIC SEBEASTIAN EVANS, in his capacity as Administrator of the Estate of Malvina Slater, ANGELA D. WILLIAMS-TARPLEY and MAY FUNERAL HOME INC.<br><br>                Defendants. | 1:20-cv-03036-NLH-SAK<br><br>**OPINION AND ORDER** |

**HILLMAN**, District Judge

   WHEREAS, Plaintiff The Prudential Insurance Company of America ("Plaintiff") filed this interpleader action on March 19, 2020, alleging that it had issued a life insurance policy to Malvina J. Slater in July of 1964 naming her husband, Richard, the sole beneficiary, and on September 22, 2019, two days prior to Slater's death, it received a request to designate Slater's great niece, Defendant Angela D. Williams-Tarpley,[1] as the primary beneficiary, (ECF 1 at ¶¶ 3, 7-8; ECF 1-1 at 1-22); and,

---

[1] In her pending motion, Tarpley asserts that her last name has been misspelled in filings as "Tarplay." (ECF 51 at ¶ 4). The Court has accordingly amended the caption above. Tarpley also asserts in her answer that she is Slater's great niece, not granddaughter as stated in the complaint. (ECF 39 at ¶ 3).

WHEREAS, following Slater's death, $6,443.99 became due under the policy with Plaintiff thereafter receiving a Funeral Home Irrevocable Assignment Form from Defendant May Funeral Home, Inc. and claim to the death benefit by Defendant Eric Sebeastian Evans, Slater's grandson and administrator of her estate, and Evans and Osha Beicher, also Slater's grandchild, sent a letter to Plaintiff alleging that Slater had been taken advantage of by Pauline Stoves, the witness to Slater's designation of Tarpley as the policy's primary beneficiary, (ECF 1 at ¶¶ 10-11, 13-15; ECF 1-1 at 25-30, 35-46); and,

WHEREAS, Plaintiff asserted that it was ready and willing to disburse the death benefit funds but was unable to do so without exposing itself to liability created by multiple competing claims, (ECF 1 at ¶¶ 20, 22); and,

WHEREAS, Tarpley was the only Defendant to file an answer to the interpleader complaint, (ECF 7); and,

WHEREAS, former Magistrate Judge Joel Schneider entered a sixty-day order administratively terminating the action upon notice of settlement, (ECF 21), however, Plaintiff thereafter moved to reopen the case due to Evans' failure to sign the settlement agreement or otherwise respond to Plaintiff's counsel's calls, text messages, and emails, (ECF 22; ECF 22-1 at ¶¶ 15-18), which the undersigned granted, (ECF 23); and,

WHEREAS, Plaintiff deposited $6,846.67 into the Registry of

2

the Court on March 11, 2022, (ECF 35); and,

WHEREAS, on March 21, 2022, Magistrate Judge Sharon A. King ordered Plaintiff to serve each Defendant with a copy of the complaint and instant order by April 1, 2022 and Defendants to file responses no later than April 22, 2022, (ECF 38); and,

WHEREAS, Tarpley filed an answer on March 30, 2022, (ECF 39), and, while Plaintiff filed executed affidavits of service for Evans and May Funeral Home on March 31, 2022, (ECF 40; ECF 41), neither Defendant filed a response; and,

WHEREAS, Plaintiff sought default against Evans and May Funeral Home on May 9, 2022, (ECF 43; ECF 44), which the Clerk entered the following day; and,

WHEREAS, the Court granted Plaintiff's motion for entry of default judgment against Evans and May Funeral Home in a March 2, 2023 order and provided further relief including discharging Plaintiff from liability relating to Defendants, the policy, and the death benefit and dismissing Plaintiff and any claims against it from the case with prejudice, (ECF 49); and,

WHEREAS, Tarpley filed the instant motion to withdraw funds on June 12, 2023, noting that she was named the primary beneficiary of the policy and is the last remaining interested party in this matter, (ECF 51); and,

WHEREAS, the Court holds that Tarpley, by virtue of being the sole remaining Defendant and there being no opposition to

3

her motion, is entitled to the deposited funds, see U.S. Life Ins. Co. in N.Y. v. Romash, No. 09-3510, 2010 WL 2400163, at *3 (D.N.J. June 9, 2010) (granting the plaintiff's motion to enter default judgment against one defendant and award the policy benefits to another defendant as the latter, by virtue of the default judgment, was the sole remaining claimant); see also Wells Fargo Bank, N.A. v. Comments Sols., LLC, No. 1:19-cv-77, 2019 WL 6873257, at *5 (D.N.J. Dec. 17, 2019) (reserving determination as to which of the defendants was entitled to the funds at issue but quoting Nationwide Mut. Fire Ins. Co. v. Eason, 736 F.2d 130, 133 n.6 (4th Cir. 1984) for the proposition that "[c]learly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund").

THEREFORE,

IT IS HEREBY on this  16th   day of  October  , 2023

**ORDERED** that the Clerk shall distribute the interpleader funds deposited into the Registry of the Court on March 11, 2022, plus all accrued interest, to Defendant Angela D. Williams-Tarpley at her address of record, and it is further

**ORDERED** that upon distribution of the interpleader funds, this matter is to be marked **CLOSED**.

At Camden, New Jersey

s/ Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.